*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
May 6, 2021

v

No. 350716
Berrien Circuit Court
LC No. 2019-000187-FC

DAYSHUN TYWONE SPEARS,

Defendant-Appellant.

Before: SHAPIRO, P.J., and CAVANAGH and REDFORD, JJ.

CAVANAGH J. (*dissenting*).

I respectfully dissent. I would reverse the trial court's denial of defendant's motion for a mistrial and remand for a new trial. Contrary to the majority, I would hold that the improper testimony by Detective Tyler Roots deprived defendant of a fair trial.

The surveillance video was the primary piece of evidence establishing that defendant was the alleged shooter. And Detective Roots affirmatively—and improperly—testified that he could see defendant in that video in the seconds immediately around the shooting. Detective Roots testified that he reviewed the video over 50 times, thereby bolstering his identification testimony. In essence, Detective Roots impermissibly opined that defendant was guilty. See *People v Heft*, 299 Mich App 69, 81: 829 NW2d 266 (2012). The only other evidence presented that implicated defendant as the shooter was the victim's testimony. However, the reliability of the victim's identification testimony was questionable. The evidence established that the victim had drank two pints of tequila and a mixed cocktail before he was shot, and had given inconsistent accounts of the events that transpired. Further, the victim had told officers during multiple interviews that he was not able to see the shooter at the time of the shooting. Nevertheless, at trial the victim identified defendant as the shooter.

Under these circumstances, and in light of the fact that the jury would have likely been unduly influenced by the seemingly credible identification testimony of Detective Roots, I would hold that the curative instruction was an inadequate remedy and the detective's improper testimony

on this critical item of evidence deprived defendant of his right to a fair trial.  See *People v Alter*, 255 Mich App 194, 205; 659 NW2d 667 (2003).

/s/ Mark J. Cavanagh